MUSTANG OIL COMPANY, Inc.,
Plaintiff,

v.

CROWN CENTRAL PETROLEUM COM-
PANY et al., Defendants.

HARMON OIL COMPANY, Inc., Plaintiff,

v.

LUTZ YELTON OIL COMPANY, Inc.,
et al., Defendants.

Nos. 2453, 3207.

United States District Court,
W. D. North Carolina,
Charlotte and Asheville Divisions.

March 26, 1971.

Carpenter, Golding, Crews & Meekins, Charlotte, N. C., Arthur E. Moers, Jr., Houston, Tex., for plaintiffs.

James H. Kelley, Bergson, Borkland, Margolis & Adler, Washington, D. C., A. Ward McKeithen, Fleming, Robinson & Bradshaw, Ernest S. DeLaney, Jr., Bradley, Gebhardt, DeLaney & Millette, Charlotte, N. C., Robert W. Yelton, N.

Dixon Lackey, Jr., Whisnant & Lackey, Shelby, N. C., John Graybeal, Hollabaugh, Jacobs & Ward, Washington, D. C., and W. T. Covington, Jr., Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., for defendants.

ORDER

McMILLAN, District Judge.

Defendants have moved for summary judgment, contending that certain releases made by the plaintiffs on May 26, 1970, to various co-defendants were general in nature and, because no express reservation of rights against other defendants were made in those releases, that all alleged joint tortfeasors are discharged from liability.

In a recent case (like this, an antitrust suit), the United States Supreme Court in considering a fact situation materially indistinguishable from the one presented here concluded:

"* * * The straightforward rule is that a party releases only those other parties whom he intends to release * * *" Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

The Court specifically rejected the common-law rule (release of one joint tortfeasor necessarily releases all others *even if* it expressly reserves rights against them) and termed the First Restatement rule (release of one joint tortfeasor releases all others jointly liable unless the release *expressly* reserves rights against joint tortfeasors) a "trap for unwary plaintiffs' lawyers." The *Zenith Radio* decision effectively reverses the leading lower court case on the question, Twentieth Century-Fox Film Corp. v. Winchester Drive-In Theatre, Inc., 351 F.2d 925 (9th Cir. 1965) and requires a trial court to find as fact the intentions of the released and releasing parties.

On their face, the releases involved in this case appear to release only those individual defendants mentioned in each

release. Moreover, there is considerable deposition evidence (e. g. Caudle deposition, pages 8, 9) that there was in fact the specific intention by both parties to the releases, that rights against other possible tortfeasors would be preserved and asserted.

This court is of the opinion that in this anti-trust case the rule of Zenith v. Hazeltine should be followed (see, Dice v. Akron C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952) and Miami Parts and Spring, Inc. v. Champion Spark Plug Co., 402 F.2d 83 (5th Cir., 1968)) and that since there is a material dispute as to the fact of intent, the motion for summary judgment should be and it is hereby denied.